Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

_____ Division

FILED
CHARLOTTE, NC

NOV 0 6 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

|  |  |
|---|---|
| MARC HUBBARD | ) Case No. 3:24- cv-985 - MOC |
| | ) (to be filled in by the Clerk's Office) |
| | ) |
| _____ | ) |
| ***Plaintiff(s)*** | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| TransUnion, LLC, Equifax Information Services, LLC | ) |
| and Experian Information Solutions, Inc. | ) |
| | ) |
| _____ | ) |
| ***Defendant(s)*** | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | MARC HUBBARD |
| Street Address | 2010 ST PAUL STREET |
| City and County | CHARLOTTE MECKLENBURG |
| State and Zip Code | NORTH CAROLINA |
| Telephone Number | 704 492 8401 |
| E-mail Address | MARCHUBBARD83@GAMIL.COM |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | TransUnion, LLC |
| Job or Title *(if known)* | |
| Street Address | 2626 Glenwood Ave Ste 550 |
| City and County | Raleigh |
| State and Zip Code | North Carolina 27608 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Equifax Information Services, LLC |
| Job or Title *(if known)* | |
| Street Address | 2626 Glenwood Avenue Suite 550 |
| City and County | Raliegh |
| State and Zip Code | North Carolina 27608 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Experian Information Solutions, Inc. |
| Job or Title *(if known)* | |
| Street Address | 160 Mine Lake Ct Ste 200 |
| City and County | Raliegh |
| State and Zip Code | North Carolina 27615 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Fair Credit Reporting Act

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)* Marc Hubbard                        , is a citizen of the State of *(name)* North Carolina                 .

b.     If the plaintiff is a corporation

The plaintiff, *(name)*                                   , is incorporated under the laws of the State of *(name)*                                   ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)*                                   , is a citizen of the State of *(name)*                                   . Or is a citizen of *(foreign nation)*                                   .

b.    If the defendant is a corporation

The defendant, *(name)* TransUnion LLC                           , is incorporated under

the laws of the State of *(name)* Delaware                              , and has its

principal place of business in the State of *(name)* Illinois                       .

Or is incorporated under the laws of *(foreign nation)*                          ,

and has its principal place of business in *(name)*                              .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
Yes

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
See Complaint

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Complaint

b.      If the defendant is a corporation

The defendant, *(name)* Equifax Information Services, LLC , is incorporated under
the laws of the State of *(name)* Georgia , and has its
principal place of business in the State of *(name)* Georgia .
Or is incorporated under the laws of *(foreign nation)* ,
and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
Yes

## III.     Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.
See Complaint

## IV.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

See Complaint

       b.      If the defendant is a corporation

The defendant, *(name)* Experian Information Solutions, Inc. , is incorporated under
the laws of the State of *(name)* Ohio , and has its
principal place of business in the State of *(name)* California .
Or is incorporated under the laws of *(foreign nation)* ,
and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

    3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
Yes

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
See Complaint

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal
arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

See Complaint

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          11/06/2024

Signature of Plaintiff        Marc Hubbard

Printed Name of Plaintiff     Marc Hubbard

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
## CASE#:

MARC HUBBARD

    Plaintiff:

      v.

TransUnion, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc.

    Defendants:

**<u>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>**

**JURY TRIAL DEMANDED**

## INTRODUCTION

NOW COMES Plaintiff, Marc Hubbard, pro se, and acting on his own behalf as a layman pursuant Haines v. Kerner, 404 U.S. 519, 30 L. Ed. 2d 652 (1972). files this civil lawsuit against TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. (hereinafter Defendants) for willful violations of the Fair Credit Reporting Act (FCRA), 15 U.S. Code§ 1681 and other related statutes governing the unauthorized reporting of consumer information. This action relates to the unauthorize reporting of Plaintiffs personal credit data and Defendants' failure to correct inaccuracies after numerous dispute notices. This is a civil action for actual, punitive, statutory damages and cost.

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 u.s.c § 1331.

2. All conditions precedent to the bringing of this action have been performed.

3. Jurisdiction is also proper under 28 U.S.C. § 1332(a)(l) as there exists diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, as Plaintiff seeks compensatory and punitive damages for ongoing financial and reputational harm caused by Defendants.

4. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b)(l) and 28 U.S.C § 139l(b)(2) because a substantial part of the events, omissions or conducts giving rise to Plaintiff claim occurred in this judicial district. Defendants transact business in Charlotte, North Carolina. This Court maintains proper jurisdiction and venue in accordance with the Rooker-Feldman doctrine, which does not apply here as this is not an appeal of a state court judgment. In *Verizon Md, Inc. v. Pub. Serv. Comm'n of Md, 535 US. 635, 644 n. 3 (2002),* the Court held that "the Rooker-Feldman doctrine does not apply to a suit seeking review of state agency action.[11]

5. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C § 1367.

## **RULE OF LAW**

6. This cause, being a complaint in exclusive equity jurisdiction, cites the rule of law a follows: "Equity having power and the court having jurisdiction, decrees can conform to the exigencies of the suits and award appropriate relief under the complainant's general prayer.' *United States v. Cooper, 217 F. 846, 847 (D. Mont. 1914).*

7.  It is established that "while a court of equity, having once obtained jurisdiction of a cause will retain it for all purposes and administer complete relief, yet in order to authorize relief which can be obtained in a suit at law, there must be some substantial ground of equitable jurisdiction both alleged and proven." *Gentry-Futch Companyv. Gentry, 90Fla. 595,106 So. 473.* "Where the equitable jurisdiction of the court has properly been invoked, the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be confirmed by a court of law." *Porter v. Warner Holding Co., 328 US. 395, 399 (1946).*

## **THE PARTIES**

8.  This action concerns credit reporting violations and unauthorized furnishing of information by Defendants related to Plaintiff Marc Hubbard, residing in the State of North Carolina, County of Mecklenburg.

9.  Defendants, TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., are consumer reporting agencies regularly engaging in business in the State of North Carolina. All Defendants are responsible for furnishing and reporting consumer credit information, and each has failed to comply with the proper procedures required under federal law to ensure the accuracy and legality of the information reported to third parties.

10. TransUnion, LLC is a corporation organized under the laws of Delaware with its principal place of business located in Chicago, Illinois. TransUnion regularly provides credit reporting services to consumers and businesses in North Carolina.

11. Equifax Information Services, LLC is a corporation organized under the laws of Georgia with its principal place of business located in Atlanta, Georgia. Equifax provides credit reporting services to businesses and

consumers in North Carolina.

12. Experian Information Solutions, Inc. is a corporation organized under the laws of Ohio with its principal place of business located in Costa Mesa, California. Experian provides credit reporting services to businesses and consumers in North Carolina.

13. Each Defendant is a "consumer reporting agency" within the meaning of 15 U.S.C. 1681a(f), and all Defendants furnish consumer reports for the purposes of providing consumer credit information to third parties.

## **BACKGROUND**

## **THE FCRA**

14. The FCRA was enacted by Congress to promote the accuracy and fairness of credit reportting and that:

15. The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system.

16. An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

17. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

18. There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with

fairness, impartiality, and respect for the consumer's right to privacy. *See* 15 U.S.C § 1681.

## **FACTUAL ALLEGATIONS**

19. Plaintiff has been a victim of identity theft. Attached is a copy of the police report submitted to the Defendants to document this fact. (see Exhibit A) which caselaw establishes that the accounts listed on the police report are fraudulent. Plaintiff disputes several unauthorized accounts reported by Defendants on his credit reports, including:

   - Chapter 13 Bankruptcy Filed
   - SKYLA CU - 1000000287464****
   - AFFIRM INC - 4712****
   - EXETER FINANCE LLC - 6806817792071****
   - CAP ONE AUTO - 01020371258****
   - SECPLUS FCU - 430630004000****
   - SYNCB/AMAZON - 604578119984****
   - SECPLUS FCU - 76335****

20. Plaintiff formally disputed these accounts with Defendants on several occasions starting in January 2024. In addition, Plaintiff filed complaints with the Consumer Financial Protection Bureau (CFPB) on starting in April 2024.

21. Defendants were notified of these disputes and provided evidence showing the accounts were unauthorized and inaccurate including the Police Report. The original creditors failed to provide necessary documentation to validate the debts, as required under 15 U.S.C. § 1666. Defendants continue to report these accounts inaccurately.

   A few examples include:

- Chapter 13 Bankruptcy Filed



| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Type: | Chapter 13 Bankruptcy | Chapter 13 Bankruptcy | Chapter 13 Bankruptcy |
| Status: | Filed | Filed | Filed |
| Date Filed/Reported: | 04/04/2024 | 04/04/2024 | 04/01/2024 |
| Reference#: | 2430302 | 2430302LTB | 2430302-VER-09/24 |
| Closing Date: | | | |
| Asset Amount: | $0.00 | $0.00 | $0.00 |
| Court: | U.S. Bankruptcy Court | US BKPT CT NC CHARLOTT | Federal |
| Liability: | $0.00 | $0.00 | $0.00 |
| Exempt Amount: | $0.00 | $0.00 | $0.00 |
| Remarks: | | | |

22. Plaintiff disputed this item with the Defendants and the Data Furnisher Lexis Nexis. Lexis Nexis agreed and removed the item. (see Exhibit B). The Defendants did not remove the item. I submitted a request for a reinvestigation. I requested evidence (physically verifiable) that they verified the information to be accurate and compliant. The request was sent via certified mail. The Defendants failed to respond within the 30 day allowed time period. In addition, currently the item is still reporting on my credit and is inaccurate. Above is a screenshot of what information is being reported by each bureau based on the information provided by Lexis. 1.Transunion and Experian report the date of filing as 4/4/24. However, Equifax shows the filing

date as 4/1/24. Which is it? We will never know because it was not properly verified, if it was it would report the same across the board. 2. Experian the Court as US Bankruptcy Court for the Western District of North Carolina, However, Equifax shows the Court as Federal and Transunion shows the court as US Bankruptcy Court. Which is it? We will never know because it was not properly verified, if it was it would report the same across the board. 3. Under reference/case number the pacer document shows 24-30302, TransUnion shows 2430302, Experian shows 2430302LTB and Equifax shows 2430302-VER-4/24. Which is it? We will never know because it was not properly verified, if it was it would report the same across the board.

- SKYLA CU - 1000000287464****

| SKYLA CU | | | |
|---|---|---|---|
| | **TransUnion** | **Experian** | **Equifax** |
| Account #: | 1000000287464**** | 1000000287464**** | 1000000287464**** |
| Account Type: | Open Account | Open Account | Open Account |
| Account Type - Detail: | Deposit related | Unknown - credit extension, review, or collection | - |
| Bureau Code: | Individual | Individual | Individual |
| Account Status: | Derogatory | Derogatory | Derogatory |
| Monthly Payment: | $0.00 | $0.00 | $0.00 |
| Date Opened: | 11/13/2023 | 11/01/2023 | 11/01/2023 |
| Balance: | $0.00 | $0.00 | $0.00 |
| No. of Months (terms): | 0 | 1 | 0 |
| High Credit: | $262.00 | $262.00 | $0.00 |
| Credit Limit: | $0.00 | $0.00 | $0.00 |
| Past Due: | $0.00 | $0.00 | $0.00 |
| Payment Status: | Wage Earner Plan | Wage Earner Plan | Collection/Chargeoff |
| Last Reported: | 06/30/2024 | 04/04/2024 | 10/01/2024 |
| Comments: | Chapter 13; wage earner plan account | Unpaid balance reported as a loss by credit grantor. Debt included in or discharged through Bankruptcy Chapter 13. | Paid charge off Deposit related |
| Date Last Active: | 02/29/2024 | 04/01/2024 | 12/01/2024 |
| Date of Last Payment: | - | - | 12/01/2023 |

**Two-Year payment history**

| Month | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 22 | 22 | 22 |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |
| Experian | | | | | PP | CO | | | | | | | | | | | | | | | | | | |
| Equifax | OK | | | | | | | | | | | | | | | | | | | | | | | |

Legend

23. This is a fraudulent account appearing in my Credit report from Skyla Federal Credit Union. I disputed this item with the Defendants and the Data Furnisher Skyla Federal Credit Union. The Defendants did not

remove the item. I submitted a request for a reinvestigation. I requested evidence (physically verifiable) that they verified the information to be accurate and compliant. The request was sent via certified mail. The Defendants failed to respond within the 30 day allowed time period.

24. Skyla is not legally allowed to report delinquent checking accounts to the credit bureaus because it is a violation of your data furnishers agreement. Skyla is only allowed to report things related to extension of credit to a consumer (ie Mortgages, Loans, Credit Cards, etc.). Overdrawn checking accounts do not fall into that category. This matter that should have been reported to chexsystems not the credit bureaus.

25. After examining my credit report, it's clear that they have reported data to try to mislead the credit bureau into thinking this is related to credit extension and not an overdrawn checking account. As an example, they are reporting a high credit limit of $262.00, they are reporting length of credit terms, they are reporting the account is open, and payment history to spite the fact they never extended credit. In addition, they reported to Experian under Account Type the following: Unknown-credit extension, review, or collection.

26. In addition, even if the item was permissible, it is reporting inaccurately. Under account type, they are reporting to Experian as Unknown-credit extension, review, or collection. They are reporting to TransUnion as Deposit related and are reporting to Equifax as blank. Which is it? (see attached) We will never know because it was not properly verified, if it was it would report the same across the board. Under date opened, on Experian and Equifax is shows 11/01/23, however under TransUnion is shows as 11/13/23. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under Number of Months on the loan, Experian shows 1 while TransUnion and Equifax show 0. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under High Credit Experian and TransUnion show 262.00 and Equifax shows 0. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under Payment status, TransUnion and Experian show Wage Earner Plan while Equifax shows

Collection/Chargeoff. Which is it? We will never know because it was not properly verified if it was it would report the same across the board.

27. Under Last reported, TransUnion shows 6/30/24, Experian shows 04/04/24 and Equifax shows 10/1/24. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under comments, TransUnion shows Chapter 13 Wage Earner account, Experian shows Unpaid Balance reported as a loss by credit grantor. Debt included in or discharged through Bankruptcy Chapter 13. Equifax shows paid charge of deposit related. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under date last active TransUnion shows 2/29/24, Experian shows 4/1/24 and Equifax shows 12/01/23. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under date of last payment, TransUnion and Experian are blank and Equifax shows 12/01/23. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Finally under payment history Equifax shows paid as agreed in September while Experian and TransUnion show no payment history. Which is it? We will never know because it was not properly verified if it was it would report the same across the board.

• CAP ONE AUTO - 01020371258****



28. This is a fraudulent account appearing in my Credit report from Capital One Auto. I disputed this item with the Defendants and the Data Furnisher Capital One Auto. The Defendants did not remove the item. I submitted a request for a reinvestigation. I requested evidence (physically verifiable) that they verified the information to be accurate and compliant. The request was sent via certified mail. The Defendants failed to respond within the 30 day allowed time period.

29. In addition, even if the item was permissible it is reporting inaccurately. Under date opened, TransUnion shows 7/28/22, Experian shows 7/1/22 and Equifax shows no information. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under past due, TransUnion shows 2398.00, Experian shows 0.00 and Equifax shows no information. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under payment status, TransUnion shows repossession, Experian shows Wage Earner plan and Equifax shows no information. Which is it? We will never know because it was not properly verified if it was it

would report the same across the board. Under last reported Transunion shows 3/06/24, Experian shows 4/04/24 and Equifax shows no information. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under last active, Transunion shows 10/30/23, Experian shows 4/1/24 and Equi fax shows no information. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under last payment Transunion shows 1/4/24, Experian and Equifax show no information. Which is it? We will never know because it was not properly verified if it was it would report the same across the board. Under payment history, Experian shows information but neither Transunion or Equifax show any information. Which is it? We will never know because it was not properly verified if it was it would report the same across the board.

The other accounts listed to include:

- AFFIRM INC - 4712****

- EXETER FINANCE LLC - 6806817792071****

- SECPLUS FCU - 430630004000****

- SYNCB/AMAZON - 604578119984****

- SECPLUS FCU - 76335****

Are all listed on the police report which establishes these items as fraudulent.

30. Defendants failed to comply with 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to maintain reasonable procedures to ensure the maximum possible accuracy of the information they report. Defendants also violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation of Plaintiffs disputes.

<u>Proof of Willfulness or Negligence:</u>

31. While Plaintiff provided adequate notice and submitted formal disputes, Defendants failed to comply with the law by continuing to report unauthorized and inaccurate information. Under 15 U.S.C. § 1681n (willfulness) and 15 U.S.C. § 16810 (negligence), Defendants may argue that mistakes were inadvertent or

that they followed industry-standard procedures. However, Plaintiff will demonstrate that Defendants received certified mail and formal disputes proving that Defendants were fully aware of the inaccuracies and still chose not to act, thereby acting willfully or negligently.

<u>Reinvestigation Efforts:</u>

32. Defendants may argue that they conducted reasonable reinvestigations under 15 U.S.C. 1681i but were reliant on the data provided by the original creditors. However, Plaintiff provide the credit reporting agencies with copies of the certified mail correspondence sent to the creditors which contained direct proof that the validity of the debts was challenged. As such, their investigation and reinvestigations could not have been accurate if they were properly conducted. ·Defendants failed to investigate beyond the creditors' data despite the fact that Plaintiff had provided irrefutable documentation.

33. As a result of Defendants' willful violations, Plaintiff has suffered financial harm, denial of credit, reputational damage, and emotional distress. Plaintiffs credit score, which was over 700 before these disputes, has since plummeted as low as 480 due to Defendants' actions.

## I. **FIRST CAUSE OF ACTION**

## <u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT-15 U.S.C. § 1681e(b)**</u>

34. Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein. Plaintiff allege that Defendants willfully violated 15 U.S.C. § 168le(b) by failing to establish reasonable procedures to assure the maximum possible accuracy of the information the reported. "A credit reporting agency is held to a standard of requiring procedures to assure the maximum possible accuracy," as emphasized in *Pinner* v. *Schmidt, 805 F.2d 1258 (5th Cir. 1986)*

35. Plaintiffs credit reports were riddled with inaccurate and unauthorized information due the Defendants' failure to maintain these procedures. Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n and 15 u.s.c. § 16810.

## II. SECOND CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT-15 U.S.C. § 1681i

36. Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein. In *Cushman v. Trans Union C01p.*, 115 F.3d 220, 225 (3d Cir. 1997), the court emphasized that the FCRA imposes a duty on consumer reporting agencies to conduct a reasonable reinvestigation of disputed information to ensure accuracy. The court noted that "the grave responsibilities imposed by § 168li(a) must consist of something more than merely pan-opting information received from other sources." The Defendants' failure to conduct a reasonable reinvestigation in this case directly violates this duty.

37. In* Norman v. Trans Union LLC*, 479 F. Supp. 2d 578, 586 (E.D. Pa. 2007), the court reiterated that consumer reporting agencies must conduct a reasonable reinvestigation when a consumer disputes information. The court held that a consumer reporting agency's duty to reinvestigate is triggered upon receiving notice of a dispute. The Defendants' failure to perform a reasonable reinvestigation supports the Plaintiffs claim under § 1681i. Defendants' failure to conduct such a reinvestigation in Plaintiffs case caused further harm to Plaintiff. Plaintiff is entitled to damages under 15 U.S.C. § 1681n and 15 U.S.C. § 16810· for Defendants' failure to reinvestigate.

## PRAYER FOR RELIEF

38. THEREFORE, Plaintiff Marc Hubbard respectfully requests that this Court enter judgment against each Defendant, TransUnion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., individually and jointly, as follows:

   1. An order requiring each Defendant to immediately delete all inaccurate and unauthorized information from Plaintiffs credit reports.

   2. Statutory Damages:

- o An award of statutory damages in the amount of $1,000 per violation, per Defendant for violations of 15 U.S.C. §§ 1681e(b), 1681i, and 1681b under 15 U.S.C. § 1681n for willful noncompliance.

3. Actual Damages:
   - o An award of actual damages, including but not limited to damages for denial of credit, lost credit opportunities, and emotional distress, against each Defendant for violations of the FCRA under 15 U.S.C. § 16810.

4. Punitive Damages:
   - o An award of punitive damages against each Defendant under 15 U.S.C. 1681n(a)(2) for their willful violations of the FCRA.

5. Legal Fees:
   - o An award of reasonable legal fees as Plaintiff is acting pro se, against eac Defendant independently.

6. Any other relief this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Respectfully Submitted,


Marc Hubbard                                                              10/6/24


By: _____

Marc Hubbard
Pro Se
2010 St. Paul Street
Charlotte, NC 28216
(704) 492-8401
marchubbard83@gmail.com