| | |
|---|---|
| MARC HUBBARD, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| TRANS UNION, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss, filed by Defendants TransUnion, LLC and Equifax Information Services, LLC. (Doc. No. 16). The deadline to respond was January 10, 2025, and pro se Plaintiff Marc Hubbard has not filed a response.[1] This matter is now ripe for disposition.

I.  Background

On November 6, 2024, Plaintiff brought this action against Trans Union, Equifax, and Experian Information Solutions, Inc. ("Experian"), alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, et seq. Defendants are consumer reporting agencies ("CRA") as the term is defined in the FCRA. 15 U.S.C. § 1681a(f). In his Complaint, Plaintiff alleges violations of the FCRA §§ 1681e(b) and 1681i against Defendants. (Id.). Plaintiff, a

---

[1] Since Plaintiff has not responded to Defendants' motion to dismiss, Plaintiff is deemed to have abandoned his claims. See, e.g., O.V. v. Durham Pub. Schs. Bd. of Educ., No. 1:17cv691, 2018 WL 2725467, at *22 (M.D.N.C. June 6, 2018) (noting that when a party fails to offer an argument against dismissal of a claim in their opposition that the court should deem the claim abandoned and dismiss it). Nevertheless, the Court will consider the merits of Defendants' motion to dismiss.

1

consumer, claims that he disputed several unauthorized accounts reported by Defendants on his credit reports, including a Chapter 13 Bankruptcy. See (Id. ¶ 19). Furthermore, Plaintiff requests that the Court enter judgment against Defendants for alleged damages, including statutory damages, actual damages, punitive damages, and legal fees. See (Id. ¶ 38).

On April 4, 2024, Plaintiff filed his Voluntary Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court, Western District of North Carolina. See (Case No. 24-30302, Doc. No. 1). Plaintiff then filed an amended Voluntary Petition on June 7, 2024. See id. (Doc. No. 40). The accounts that Plaintiff contends in his Complaint were fraudulently opened are included in his Voluntary Petition for Chapter 13 Bankruptcy and amended schedule for same. Notably, Plaintiff's Chapter 13 Bankruptcy Voluntary Petition fails to mention the FCRA claims alleged in his Complaint, nor has Plaintiff sought permission from the Bankruptcy Court before filing this action.

II.     **Legal Standards**

Defendants TransUnion, LLC and Equifax Information Services, LLC have moved to dismiss under FED. R. CIV. P. 12(b)(1). "The plaintiff in a federal action bears the burden of demonstrating that he possesses standing to pursue his claims in federal court." McInnes v. Lord Baltimore Employee Retirement Income Account Plan, 823 F. Supp. 2d 360, 362 (D. Md. 2011). Because standing is an element of subject matter jurisdiction a defendant's motion to dismiss for lack of standing should be treated under Rule 12(b)(1). Id. "The Court should grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (quoting Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

"Under Rule 12(b)(1), if a party lacks standing the court automatically lacks subject

2

matter jurisdiction." Zaycer v. Sturm Foods, Inc., 896 F. Supp. 2d 399, 403 (D. Md. 2012). "Standing in federal court consists of three elements: (1) a plaintiff 'must have suffered an injury in fact – an invasion of a legally protected interest which is a (a) concrete and particularized … and (b) actual or imminent, not conjectural or hypothetical;" (2) a 'casual connection between the injury and the conduct complained of;' and (3) it must 'be likely, as opposed to merely speculative, that the injury' is redressable." Roy v. Titeflex Corp., No. RBD-15-3466, 2016 WL 3541241, at *3 (D. Md. June 29, 2016) (citation omitted).

At the time of filing the bankruptcy petition, the debtor surrenders the right to control the estate, including existing or potential legal claims, to the bankruptcy trustee. Robertson v. Flowers Baking Co. of Lynchburg, LLC, No. 6:11-cv-13, 2012 WL 830097, at *4 (W.D. Va. Mar. 6, 2012), aff'd, 474 F. App'x 242 (4th Cir. 2012); Harris v. hhgregg, Inc., No. 1:11CV813, 2013 WL 1331166, at *5 (M.D.N.C. Mar. 29, 2013) (holding that plaintiff lacked standing to assert a claim for cause of action under REDA that was property of the bankruptcy estate when he was fired while his bankruptcy was pending); see 11 U.S.C. §§ 323(a), 701.

By filing a bankruptcy petition, a debtor not only creates a bankruptcy estate but also relinquishes control of her assets and liabilities to the estate. Haydu v. Tidewater Cmty. Coll., 268 F. Supp. 3d 843, 846 (E.D. Va. 2017). If the estate includes a cause of action, "then the trustee alone has standing to bring that claim." Nat. Am. Ins. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999). All of a debtor's assets and liabilities, including actual or potential legal claims, are the property of the bankruptcy estate, and the debtor has an affirmative duty to disclose such assets and liabilities to the bankruptcy court. Haydu, 268 F. Supp. 3d at 846. Thus, "[c]auses of action that belong to the debtor's bankruptcy estate may only be pursued by the trustee, as representative of the bankruptcy estate." Id.; A.T. Massey Coal Co. v. Jenkins, Civil

3

Action Nos. 7:08-cv-5632009, 7:09-cv-3, 2009 WL 1437829, at *3 (W.D. Va. May 22, 2009) (citing Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d at 441).

Furthermore, district courts within the Fourth Circuit have dismissed a plaintiff's claims for lack of subject matter jurisdiction where the debtor-plaintiff failed to disclose the existence of such claims in his or her bankruptcy filing. See Sain v. HSBC Mortg. Servs., Inc., Civil Action No. 4:08-cv-2856, 2009 WL 2858993, at *5 (D.S.C. Aug. 28, 2009) (dismissing for lack of subject matter jurisdiction because plaintiff did not have standing to bring suit when he was in Chapter 7 bankruptcy and observing that any claims plaintiff had belonged to the trustee); In re Family Dollar FLSA Litig., Civil Action No. 3:08-cv-19332, 2009 WL 1750908, at *5 (W.D.N.C. June 19, 2009) (finding that plaintiff lacked standing to pursue claims because they were the property of the bankruptcy estate, and only the bankruptcy trustee has standing to pursue such claims).

### III. Discussion

Here, Plaintiff has failed to plead facts sufficient to establish standing. Plaintiff cannot claim a cognizable injury when he has divested himself of standing by (1) not disclosing this lawsuit in his Chapter 13 Bankruptcy petition and (2) not seeking permission from the Bankruptcy Court to pursue his FCRA claims alleged in his Complaint. By filing a Voluntary Petition for Chapter 13 Bankruptcy, Plaintiff has not only established a bankruptcy estate but has also transferred control of his assets and liabilities to that estate. As a result, the claims presented in his Complaint now belong to the bankruptcy estate and can only be pursued by the trustee, acting on behalf of the estate. Accordingly, Plaintiff does not have standing to assert the claims alleged in this action. Thus, the Court will grant Defendants' motion to dismiss.[2]

---

[2] While Experian has not joined in the motion to dismiss, dismissal is appropriate as to it for the

4

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendants' motion to dismiss.

**ORDER**

**IT IS, THEREFORE, ORDERED,** that Defendants' motion to dismiss, (Doc. No. 16), is **GRANTED**. The matter is hereby **DISMISSED** without prejudice.

Signed: February 11, 2025

Max O. Cogburn Jr
United States District Judge

---

same reasons.